SAMSUNG ELECTRONICS CO., LTD., ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 91–04–00327

(Dated March 16, 1995)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson* and *Larry Hampel)* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington* and *Mary T. Staley)* for plaintiff-intervenors Independent Radionic Workers of America, the International Brotherhood of Electrical Workers, the International Union of Electronic, Electrical, Technical, Salaried and Machine Workers (AFL-CIO) and the Industrial Union Department (AFL-CIO).

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Priya Alagiri,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. (Sukhan Kim, Warren E. Connelly, P.C.* and *Margaret L.H. Png)* for defendant-intervenors Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

OPINION

RESTANI, *Judge:* This matter is before the court following a remand determination. Remand was ordered in *Samsung Elecs. Co., Ltd. v. United States,* Slip Op. 94–149 (Sept. 21, 1994).

The issues raised by plaintiffs relating to a cap on the adjustment to U.S. price for VAT and belated correction of clerical errors, have been resolved against plaintiff. *See Zenith Elecs. Corp. v. United States,* Slip Op. 95–38 (Mar. 13, 1995).

Samsung's challenge to Commerce's treatment of forwarding expense is also rejected. *See Independent Radionic Workers of America v. United States,* Slip Op. 95–45 (Mar. 15, 1995).

As the court held in *Zenith Elecs. Corp. v. United States,* Slip Op. 95–46 (Mar. 15, 1995), Commerce is directed to treat Samsung's warranty expenses as direct selling expenses for purposes of the circumstances of sales adjustment in this case.